# EXHIBIT 1

# ENCLOSURE (A)

**STATE OF SOUTH CAROLINA**                                          )

                                                                    )          **IN THE COURT OF COMMON PLEAS**

**COUNTY OF  CHARLESTON**                                            )

Vaughn Cook, individually and on behalf of all                       )

others similarly situated,                                           )          **CIVIL ACTION COVERSHEET**

**Plaintiff(s)**                                                     )

                                                                    )          _____-CP - _____- _____

**vs.**                                                              )

                                                                    )

ChartSwap, LLC; Charleston Radiologists, P.A.;                       )

and ACS Primary Care Physicians Southeast,                           )

P.C.,                                                                )

                                                                    )   **SC Bar #:**   SC Bar #66490

                                                                        **Telephone #:**   (843) 614-8888

**Defendant(s)**                                                         **Fax #:**   (843) 494-5536

**Submitted By:**   Paul Doolittle, Esq.                                 **Other:**

**Address:**   32 Ann Street                                            **E-mail:**   pauld@akimlawfirm.com

Charleston, SC 29403

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed.  It must be filled out completely, signed, and dated.  A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.  **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION  (*Check all that apply*)

***If Action is Judgment/Settlement do not complete***

[X] **JURY TRIAL** demanded in complaint.    [ ] **NON-JURY TRIAL** demanded in complaint.

[ ] This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

[ ] This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.

[ ] This case is exempt from ADR.  (Certificate Attached)

## NATURE OF ACTION (*Check One Box Below*)

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [X] Conversion (310) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Motor Vehicle Accident (320) | [ ] Condemnation (410) |
| [ ] General (130) | [ ] Medical Malpractice (220) | [ ] Premises Liability (330) | [ ] Foreclosure (420) |
| [ ] Breach of Contract (140) | Previous Notice of Intent Case # | [ ] Products Liability (340) | [ ] Mechanic's Lien (430) |
| [ ] Fraud/Bad Faith (150) | 20____-NI-____-_____ | [ ] Personal Injury (350) | [ ] Partition (440) |
| [ ] Failure to Deliver/ | [ ] Notice/ File Med Mal (230) | [ ] Wrongful Death (360) | [ ] Possession (450) |
|   Warranty (160) | [ ] Other (299) _____ | [ ] Assault/Battery (370) | [ ] Building Code Violation (460) |
| [ ] Employment Discrim (170) | | [ ] Slander/Libel (380) | [ ] Other (499) _____ |
| [ ] Employment (180) | | [ ] Other (399) _____ | |
| [ ] Other (199) _____ | | | |

| **Inmate Petitions** | **Administrative Law/Relief** | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| [ ] PCR (500) | [ ] Reinstate Drv. License (800) | [ ] Death Settlement (700) | [ ] Arbitration (900) |
| [ ] Mandamus (520) | [ ] Judicial Review (810) | [ ] Foreign Judgment (710) | [ ] Magistrate-Civil (910) |
| [ ] Habeas Corpus (530) | [ ] Relief (820) | [ ] Magistrate's Judgment (720) | [ ] Magistrate-Criminal  (920) |
| [ ] Other (599) | [ ] Permanent Injunction (830) | [ ] Minor Settlement (730) | [ ] Municipal (930) |
| _____ | [ ] Forfeiture-Petition (840) | [ ] Transcript Judgment (740) | [ ] Probate Court (940) |
| | [ ] Forfeiture—Consent Order (850) | [ ] Lis Pendens (750) | [ ] SCDOT (950) |
| | [ ] Other (899) _____ | [ ] Transfer of Structured | [ ] Worker's Comp (960) |
| | |   Settlement Payment  Rights | [ ] Zoning Board (970) |
| | |   Application (760) | [ ] Public Service Comm. (990) |
| | | [ ] Confession of Judgment (770) | [ ] Employment Security Comm (991) |

| **Special/Complex /Other** | | **Judgments/Settlements** | **Appeals** |
|---|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Petition for Workers | [ ] Other (999) _____ |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) |   Compensation Settlement | |
| [ ] Medical (620) | [ ] Out-of-State Depositions (650) |   Approval (780) | _____ |
| | | [ ] Incapacitated Adult | |
| [ ] Other (699) _____ | [ ] Motion to Quash Subpoena in an |   Settlement (790) | |
| |   Out-of-County Action (660) | [ ] Other (799) _____ | |
| [ ] Sexual Predator (510) | [ ] Pre-Suit Discovery (670) | | |
| [ ] Permanent Restraining Order (680) | | | |
| [ ] Interpleader (690) | | | |

**Submitting Party Signature:**   _/s/ Paul Doolittle_          **Date:**   November 15, 2022

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR under ADR Rule 3(b) upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals;

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. Cases may also be exempt from ADR under ADR Rule 3(c) upon motion to and approval by the court.

6. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

7. Application of a party to be exempt from payment of neutral fees due to indigency should be filed with the Clerk of Court prior to the scheduling of the ADR conference.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

STATE OF SOUTH CAROLINA,     )
           )     IN THE COURT OF COMMON PLEAS
COUNTY OF   **CHARLESTON**   )
  Vaughn Cook, individually and on behalf of )
  all others similarly situated,     )     SUMMONS
         Plaintiff, )
           )
vs.          )     FILE NO. _____-CP-_____-_____
ChartSwap, LLC; Charleston Radiologists, P.A.; and )
ACS Primary Care Physicians Southeast, P.C.,  )
           )
_____
         Defendant.

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

*/s/ Paul Doolittle*
_____

POULIN | WILLEY | ANASTOPOULO

Paul J. Doolittle (S.C. Bar No. 66490)
Blake G. Abbott (S.C. Bar No. 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: blake@akimlawfirm.com
       pauld@akimlawfirm.com

**ATTORNEYS FOR THE PLAINTIFF**

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

**STATE OF SOUTH CAROLINA**
**COUNTY OF CHARLESTON**
**IN THE COURT OF COMMON PLEAS**
**FOR THE NINTH JUDICIAL CIRCUIT**

VAUGHN COOK, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

CHARTSWAP, LLC; CHARLESTON RADIOLOGISTS, P.A.; and ACS PRIMARY CARE PHYSICIANS SOUTHEAST, P.C.,

*Defendant*.

Civil Action No. _____

**JURY TRIAL REQUESTED**

## CLASS ACTION COMPLAINT

Come now, Plaintiff, Vaughn Cook, individually and on behalf of all others similarly situated, and respectfully allege the following:

## INTRODUCTION

1.      The state of South Carolina has a public policy of allowing patients to access their medical records. In fact, in South Carolina, patients and their legal representatives have the absolute right to receive copies of their medical records, including bills, in the format requested.

2.      Defendant Charleston Radiologists, P.A. ("Charleston Radiologists"), is a practice that provides healthcare to numerous patients. In their practice, Charleston Radiologists contracts with Defendant ChartSwap Technologies, LLC. In this relationship, Defendant Charleston Radiologists transfers patient records to Defendant ChartSwap Technologies, LLC for the storage and distribution of Defendant Charleston Radiologists' patient's records.

3.      Defendant ACS Primary Care Physicians Southeast, P.C., ("ACS Primary") is a practice that provides healthcare to numerous patients. In their practice, ACS Primary contracts

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

with Defendant ChartSwap Technologies, LLC. In this relationship, Defendant ACS Primary transfers patient records to Defendant ChartSwap Technologies, LLC for the storage and distribution of Defendant ACS Primary's patient's records.

4.    Defendant ChartSwap Technologies, LLC is one of the largest medical records service providers in the country, copying and producing patient records for most of the nation's healthcare providers. They have taken the fees that healthcare providers may charge for copies of patient records and created a multi-billion-dollar industry which primarily profits from the fees charged to third parties, such as patients' attorneys.

5.    As discussed in more detail below, when patients' medical records are requested by their attorneys, Defendants systemically charge more for copies of the patients' records than is permitted by South Carolina law. Unfortunately, individual patients typically bear the ultimate responsibility for the costs of these overcharges.

6.    Throughout the state of South Carolina, Defendants have taken patients' attorneys' rights to access their medical records and unlawfully profited at patients' expense. Defendants continue to do so to this day.

7.    Plaintiffs are individuals who have suffered and/or will continue to suffer the expense of Defendants' overcharging of their attorneys' copies of their own medical records.

## PARTIES

8.    Plaintiff Vaughn Cook is a South Carolina citizen who resides in Charleston County, South Carolina.

9.    Plaintiff brings this action on their own behalf and as representative of a class of individuals further defined herein.

10.    Upon information and belief, Defendant Charleston Radiologists, P.A., is a South

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

Carolina limited liability company that provides medical care to individuals in South Carolina and was Plaintiff's health care provider. Defendant Charleston Radiologists is registered and authorized to do business within the State of South Carolina. Charleston Radiologists maintain a registered agent in South Carolina located at 1241 Woodland Avenue, Mount Pleasant, South Carolina 29464.

11.    Upon information and belief, Defendant ACS Primary is a Georgia professional corporation organized and existing under the laws of a State other than the State of South Carolina; but is licensed to do business in the State of South Carolina, owns property in the State of South Carolina, and has agents in the State of South Carolina. ACS Primary is a practice that provides medical care to individuals in South Carolina and was Plaintiff's health care provider. ACS Primary maintains a registered agent in South Carolina located at 508 Meeting Street, West Columbia, SC 29169.

12.    Upon information and belief, Defendant ChartSwap Technologies, LLC ("ChartSwap") is a Delaware limited liability company that provides release of information services for healthcare providers. At all relevant times herein, ChartSwap, fulfilled medical records requests on behalf of healthcare providers in South Carolina.

### JURISDICTION

13.    The Court has personal jurisdiction over Defendants as they all transact business in South Carolina, pursuant to South Carolina Code Ann. § 36-2-803.

14.    The Court has subject matter jurisdiction over the claims in this lawsuit under Article V § 11 of the South Carolina Constitution and South Carolina Code Ann. § 14-5-350.

15.    Under 28 U.S.C. § 1332(d)(4)(b), district courts are required to decline to exercise jurisdiction under Section 1332(d) in which two-thirds or more of the members of all proposed

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

16.    Upon information and belief, greater than two-thirds of the members of the proposed class are citizens of the State of South Carolina. The named Plaintiff is a citizen and resident of South Carolina. The proposed class is confined to citizens of South Carolina. Plaintiff submits that greater than two-thirds of the proposed class are domiciled in and are residents of South Carolina.

17.    Upon information and belief, at least one Defendant is a Defendant from whom significant relief is sought, whose conduct forms a significant basis for the asserted claims, and who is a citizen of the State of South Carolina. The Defendant Charleston Radiologists is a citizen of South Carolina. Plaintiff seeks significant relief from each Defendant and each of the Defendant's conduct forms a significant basis of the asserted claims. Furthermore, Defendants' conduct forms a significant basis for the asserted claims. Defendant Charleston Radiologists transfer patient records to Defendant ChartSwap for the storage and distribution of Charleston Radiologists' patient's records. Charleston Radiologists transfer of these patient records to Defendant ChartSwap result in Plaintiffs' injuries.

18.    Upon information and belief, the principal injuries suffered by Plaintiffs as a result of Defendants' conduct were incurred in the State of South Carolina. All damages and injuries listed were incurred in South Carolina.

19.    Upon information and belief, during the 3-year period preceding the filing of this action, there has been no other class action filed asserting similar allegations against these defendants by or on behalf of these Plaintiffs.

**VENUE**

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

20.     Venue is proper in the Court of Common Pleas in Charleston County under South Carolina Code § 15-7-30 because the Plaintiff lives, resides, or do business in the county of Charleston, South Carolina and the acts and omissions that are the subject of this action occurred in the county of Charleston, South Carolina.

## FACTUAL ALLEGATIONS

### I.     Defendants' Business Model

21.     ChartSwap Technologies, LLC ("Medical Records Company") is an information management company that provides release information services for Charleston Radiologists and ACS Primary ("Defendant Healthcare Providers"). ChartSwap Technologies, LLC is not healthcare providers themselves.

22.     Rather, upon information and belief, the Medical Records Company generates tens of millions of dollars of profit per year from maintaining, retrieving, and producing patient records on behalf of healthcare providers across the country.

23.     Upon information and belief, under their contracts with healthcare providers, Medical Records Company agrees to process and fulfill medical records requests for the healthcare providers. The Medical Records Company locates, retrieves, copies, and produces the requested records for healthcare providers and then charge the recipient copying fees on the healthcare providers' behalf.

24.     When a healthcare provider contracts with the Medical Records Company, patients and their legal representatives have no other choice than to obtain copies of their medical records from the Medical Records Company.

25.     Upon information and belief, although they generate tens of millions of dollars per year in profit, the Medical Records Company provide their services for healthcare providers free

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

of charge.

26.    In exchange, upon information and belief, the Medical Records Company gets to keep the copying fees they charge to recipients of patient records. Thus, the more money that the Medical Records Company charges for copies of patient records, the greater their profit.

27.    However, upon information and belief, The Medical Records Company's contracts with healthcare providers require them to charge copying fees in accordance with state law and indemnify healthcare providers for any liability arising from violation of such laws.

28.    Therefore, because S.C. Code § 44-115-10, et seq., significantly limits the amount that individual patients may be charged for their records, for the majority of their profit, the Medical Records Company relies on the fees they charge to third parties, such as patients' attorneys, that request copies of patients' records.

29.    Upon information and belief, acting on behalf of healthcare providers, the Medical Records Company uniformly charge these third parties the highest possible amount of copying fees, regardless of the actual costs of copying patient records. The business model is simple: charge more, make more.

## II.    South Carolina's Medical Records Statute

30.    In South Carolina, access to patient records is governed by the Physicians' Patient Records Act, S.C. Code § 44-115-10, et seq. (the "Patient Records Act", or "PRA"), which gives patients and their legal representatives the right to receive copies of their medical records, including medical bills, in the format requested.

31.    The Patient Records Act also limits the amount of copying fees that healthcare providers may charge patients and their legal representatives for copies of patient records.

32.    Nevertheless, despite knowing or having constructive knowledge of the limits of

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

the Patient Records Act, in their pursuit of profit, the Medical Records Company willfully and consistently overcharged patients' attorneys for copies of patient records by engaging in unfair and unlawful billing practices, which include, but are not limited to the following:

a)      Producing electronic copies of patient records and then charging attorneys at the higher rate allowed for printed copies of patient records;

b)      Charging certification fees, electronic data archive fees, retrieval fees, and other fees not authorized by the Patient Records Act;

c)      Charging more than their actual costs for copies of X-Rays and other types of imaging; and/or

d)      Withholding copies of patients' medical bills from their initial production of records, even when medical bills are specifically requested, and then charging one search and handling fee for the production of medical records and a second search and handling fee for the subsequent production of medical bills, disguising both as a "ChartSwap Fees."

33.     Although the above fees are charged to patients' attorneys, under their contracts with their attorneys, patients typically bear the responsibility for reimbursing their attorneys for expenses incurred.

34.     Thus, the substantial profit the Medical Records Company generates from engaging in the above-mentioned billing practices comes largely on the backs and at the expense of individual patients throughout the state of South Carolina, such as Plaintiff(s).

III.    **Plaintiff Vaughn Cook's Medical Records**

35.     Plaintiff Vaughn Cook was injured in an accident on or about July 5, 2022. As a result, she received treatment from various healthcare providers in South Carolina.

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

36.     Subsequently, Plaintiff hired an attorney based in Charleston, South Carolina to represent her in a personal injury lawsuit.

37.     Under Plaintiff's contract with their attorney, they were obligated to reimburse their attorney for expenses incurred in the litigation of their personal injury lawsuit

38.     On or about September 13, 2022 with written authorization from Plaintiff, Plaintiff's attorney requested Plaintiff's medical records, including medical bills from Plaintiff Vaughn Cook's healthcare provider, Charleston Radiologists, which is located in South Carolina.

**(i).    Billing for Plaintiff's Records from Defendant Healthcare Providers**

39.      Upon information and belief, Defendant Healthcare Providers, had a contract with ChartSwap whereby ChartSwap would act as Defendant Healthcare Providers' agent and fulfill medical records requests on Defendant Healthcare Providers' behalf.

40.     On or about September 1, 2022 Plaintiff's attorney received an invoice from ChartSwap for $37.65, along with copies of Plaintiff's medical records from Charleston Radiologists. Specifically, the invoice included the following charges: $25.65 for "Provider Charges" and $12.00 for "ChartSwap Fees".

41.     On or about September 14, 2022 Plaintiff's attorney received an additional invoice from ChartSwap for $37.65, along with copies of Plaintiff's medical records from Charleston Radiologists. Specifically, the invoice included the following charges: $25.65 for "Provider Charges" and $12.00 for "ChartSwap Fees".

42.     On or about October 5, 2022 Plaintiff's attorney received an additional invoice from ChartSwap for $41.65, along with copies of Plaintiff's medical records from ACS Primary. Specifically, the invoice included the following charges: $25.65 for "Provider Charges" and $16.00 for "ChartSwap Fees".

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

43.    At all relevant times herein, the Patient Records Act only authorized patients' legal representatives to be charged the following fees for copies of patient records: a per page fee, a search and handling fee, actual postage, and sales tax.

44.    At all relevant times herein, the Patient Records Act authorizes a fee for search and duplication of an electronic medical record, but may not exceed:

> (1) Sixty-five cents per page for the first thirty pages provided in an electronic format and fifty cents per page for all other pages provided in an electronic format, plus a clerical fee not to exceed twenty-five dollars for searching and handling, which combined with the per page costs may not exceed one hundred fifty dollars per request, but to which may be added actual postage and applicable sales tax. The search and handling fee is permitted even though no medical record is found as a result of the search, except where the request is made by the patient.[1]

**(ii)    Patient's Expense**

45.    Needing Plaintiff's records to pursue claims related to their accident and unable to determine the proper amount owed, Plaintiff's attorney paid all of Defendants' invoices.

46.    At the conclusion of their personal injury lawsuit, pursuant to their contract with their attorney, Plaintiff is obligated to reimburse their attorney for all expenses incurred, including the amounts paid to all Defendants. Thereby, Plaintiff bore the ultimate costs of Defendant's unlawful billing and was injured as a direct and proximate cause of Defendant's conduct.

**CLASS ALLEGATIONS**

47.    Plaintiffs bring this action individually and as the representative of the Patient Records Class, defined as follows:

> All citizens of South Carolina who, at any time from November 15, 2019 through present, paid, were obligated to reimburse payment for, or are currently obligated to reimburse payment for, or are obligated to reimburse payment for a charge from one or more Defendants in violation of the Patient Records Act for copies of patient records that were requested from a South Carolina healthcare provider by the patient's attorney, and for which payment has not been reimbursed.

---

[1] Physicians' Patient Records Act, S.C. Code § 44-115-80 (A)(1).

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

48.     Plaintiff's claims are typical of those of the proposed class members. Plaintiffs and the members of the proposed plaintiff class were damaged in the same way by the same conduct of the Defendants.

49.     Plaintiffs will adequately protect and represent the interests of the proposed plaintiff class. The interest of the Plaintiffs are allied with, and are not antagonistic to, those of the proposed plaintiff class.

50.     Plaintiffs are represented by attorneys who are experienced and competent in the prosecution of complex class action litigation.

51.     Questions of law and fact common to the class include, but are not limited to, the following:

    a)      Whether Defendants are subject to the fee limitations of the Patient Records Act;

    b)      Whether Defendants' billing practices violate the Patient Records Act;

    c)      Whether Defendants have been unjustly enriched by systemically overcharging patients' attorneys for copies of patients' records; and/or

    d)      Whether Plaintiffs and the other proposed class members were damaged by Defendants' conduct.

52.     The above-identified common questions predominate over questions, if any that may affect only individual class members.

53.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants.

54.     Class action treatment is a superior method for the fair and efficient adjudication of

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

the controversy, in that such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of evidence, effort and expense that numerous individual actions would require.

**FIRST CAUSE OF ACTION**

**VIOLATION OF S.C. CODE § 44-115-80**

55.    Plaintiff hereby incorporates all paragraphs above as if fully stated herein.

56.     South Carolina enacted the Patient Records Act to specially benefit patients and their legal representatives by providing them with the right to access their medical records and limiting the amount of copying fees they may be charged.

57.     Specifically, S.C. Code§ 44-115-80 limits the amount of the fees that patients and their legal representatives may be charged for the search and duplication of patient records.

58.    At all relevant times herein, under their contracts with healthcare providers, Defendants were acting as the agents of Plaintiffs' and the proposed class members' healthcare providers.

59.    This agency relationship arose impliedly or explicitly from Defendants' contracts with Plaintiffs' and the other proposed class members' healthcare providers whereby Defendants would respond to medical records requests, produce copies of patient records, and charge fees to the recipient of patient records on the healthcare providers' behalf.

60.    As the agent of Plaintiffs' and the other proposed class members' healthcare providers, Defendants had the duty not to charge more for copies of patient records than the healthcare providers themselves could legally charge under S.C. Code § 44-115-80.

61.    Nevertheless, Defendants violated S.C. Code § 44-115-80 by overcharging

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

Plaintiffs' and the other proposed class members' attorneys for copies of patient records.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

62.     Plaintiffs hereby incorporate all paragraphs above as if fully stated herein.

63.     By operation of law, there were either express or implied contracts between Defendants and Plaintiffs and other proposed class members for the sale of copies of Plaintiffs' and the other proposed class members' medical records.

64.     Under South Carolina law, there exists in every contract an implied covenant of good faith and fair dealing that neither party will do anything to impair the right of the other to receive the benefits of the agreement.

65.     By willfully and deceptively charging the Plaintiffs' and other proposed class members' attorneys more than is allowed by S.C. Code § 44-115-80 for copies of Plaintiffs' and other proposed class members' medical records, Defendants breached their implied covenant of good faith and fair dealing, thereby breaching their express and implied contracts with Plaintiff and other proposed class members.

66.     As a result of Defendants' breach of their implied covenant of good faith and fair dealing, Plaintiff and other proposed class members have suffered economic harm.

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

67.     Plaintiffs hereby incorporate all paragraphs above as if fully stated herein.

68.     Through the payment of fees that Defendants unfairly and unlawfully charged their attorneys for copies of their medical records, Plaintiffs and the other proposed class members have conferred a valuable benefit upon the Defendants.

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

69.     Defendants knowingly and voluntarily accepted this valuable benefit by retaining the full amount of the fees they unlawfully charged Plaintiffs' and the other proposed class members' attorneys for copies of medical records.

70.     Defendants remain in possession of the money they unlawfully obtained at the ultimate expense of Plaintiffs and all other members of the proposed class.

71.     Because Defendants obtained Plaintiffs' and all other proposed class members' money by acting in direct violation of S.C. Code § 44-115-80 and South Carolina's public policy promoting access to patient medical records, it would be absurd, unjust, and inequitable to allow Defendants to retain such money and take financial advantage of their own wrongdoing.

### FOURTH CAUSE OF ACTION

### CONVERSION

72.     Plaintiffs incorporate all paragraphs above as if fully stated herein.

73.     Defendant Medical Providers created and owned Plaintiff's medical records.

74.     Defendant Medical Providers, through their contracting with Defendant Medical Record billing company, gave ownership to Medical Record billing company.

75.     Under South Carolina law, Plaintiffs have a right to access their medical records upon request.

76.     In their ownership and control of Plaintiff's records, Defendant Medical Retrieval company unlawfully charged Plaintiff for access to such documents.

77.     Without paying such high fees, Plaintiffs could not access or control their own medical records.

78.     Given such overcharging, Defendant Medical Retrieval Company interfered with Plaintiff's control of the medical records.

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

79.     Lastly, the conversion of these medical records was for Defendant Medical Retrieval Corporation's own corporate use.

### DECLARATORY JUDGMENT ACTION

80.     Plaintiffs hereby incorporate all paragraphs above as if fully stated herein.

81.     An actual, present, and justiciable controversy has arisen between Plaintiff Vaughn Cook and other proposed class members and Defendants regarding Defendants right to charge patients more than is permitted by S.C. Code § 44-115-80 for copies of patients' medical records from healthcare providers that contract with Defendants.

82.     Pursuant to S.C. Code § 15-53-20, Plaintiffs in good faith request the Court to declare that Defendants are subject to the Plaintiff Records act and the fee limitations of S.C. Code §41-115-80 and that Defendant's manner of charging Plaintiffs' and the other proposed class members for copies of records violations the Patient Records Act

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for relief and judgment as follows:

a.      Certification of the proposed plaintiff class, appointment of Plaintiffs as class representatives under Rule 23 of the South Carolina Rules of Civil Procedure, and appointment of Plaintiffs'' counsel as class counsel;

b.      For the return of all sums overcharged for copies of Plaintiffs' medical records.

c.      For interest on all amounts improperly charged for copies of Plaintiffs' and the other proposed class members' medical records;

d.      For all other compensatory damages to be proven at trial;

e.      For prejudgment interest;

ELECTRONICALLY FILED - 2022 Nov 15 2:05 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005274

    f.        Awarding Plaintiffs their reasonable costs and expenses incurred in this action, including attorneys' fees;

    g.       For punitive damages in amount sufficient to serve as an example that deters others from engaging in similar conduct;

    h.       For an order declaring that Defendants are subject to S.C. Code § 44-115-80 and that Defendants' conduct violates the Patient Records Act;

    i.         For an injunction prohibiting Defendants continuing to charge more than is allowed by South Carolina law for copies of patient medical records; and

    j.         Such other and further relief as the Court may deem just and proper.

**FURTHER WHEREFORE,** Plaintiffs demand a jury trial on all issues set forth herein to the extent permitted by law.

Dated: November 15, 2022

Respectfully submitted,

By: */s/* Paul J. Doolittle

**POULIN | WILLEY |
ANASTOPOULO**
Paul J. Doolittle (S.C. Bar No. 66490)
Blake G. Abbott (S.C. Bar No. 104423)
32 Ann Street
Charleston, SC 29403
Tel: (843) 614-8888
Email: blake@akimlawfirm.com
       pauld@akimlawfirm.com

# **ENCLOSURE (B)**



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767

Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| | | |
|---|---|---|
| THOMAS LOEGERING<br>ONTELLUS<br>910 LOUISIANA STE 4500<br>HOUSTON TEXAS 77002 | **Date Processed:** | 12/19/2022 |
| | **Completed By:** | JESSICA DAVIS |
| | **Delivery Method to Client:** | FEDEX 2 DAY |
| | **Tracking Number:** | 392412074657 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received<br>12/19/2022 11:00 AM in DELAWARE | Transmittal #<br>DE-236284 | Delivered to Agent by<br>CERTIFIED MAIL |
|---|---|---|

**With Regard to Client**

CHARTSWAP, LLC

**Title of Case or Action**

VAUGHN COOK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL. V. CHARTSWAP, LLC., ET AL.

| **Case Number** | **Type of Document Served** |
|---|---|
| 2022CP1005274 | CITATION/SUMMONS |

**Court Name**

STATE OF SOUTH CAROLINA, COUNTY OF CHARLESTON, IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT

**Note**





1-236284J



stamps
endicia

062S001291354Z

$14.75  US POSTAGE
FIRST-CLASS
Dec 13 2022
Mailed from ZIP 29403
6 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 4

11923275

USPS CERTIFIED MAIL

9436 0118 9876 5835 5409 67

Capitol Services, INC.
As Registered Agent for ChartSwap LLC
108 LAKELAND AVE
DOVER DE 19901-5109

Poulin, Willey, Anastopoulo LLC
32 ANN ST
CHARLESTON SC 29403-6212

RESTRICTED
DELIVERY